ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2019-Apr-12 17:48:09
60CV-19-2494
C06D12 : 7 Pages

## IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
## CIVIL DIVISION

EDITH MOLAND                                                                                    PLAINTIFF

v.                             CASE NO. _____

RUSSELL LARRY COUCH; and
MTS EXPRESS, LLC                                                                              DEFENDANTS

### COMPLAINT AT LAW

COMES NOW the Plaintiff, Edith Moland, by and through the undersigned counsel, Odom Law Firm, P.A., and for her Complaint at Law against the Defendants, Russell Larry Couch and MTS Express, LLC, states and alleges as follows:

1.      This action arises out of a motor vehicle collision that occurred on or about April 21, 2016, on Interstate 40 within the boundaries of Pulaski County, Arkansas.

2.      At all times relevant herein, the Plaintiff, Edith Moland, was a resident and citizen of Little Rock, Pulaski County, Arkansas.

3.      At all times relevant herein, separate Defendant Russell Larry Couch was a resident and citizen of Eatonton, Putnam County, Georgia.

4.      At all times relevant herein, separate Defendant MTS Express, LLC (hereinafter "MTS") was a foreign corporation organized and existing under the laws of a state other Arkansas, and was conducting business as a trucking company transporting goods throughout the continental United States, including in and through Pulaski County, Arkansas. Upon information and beliefe, MTS's principal place of business is 101 Log Canoe Circle, Suite 1,

Stevensville, Maryland 21666. MTS's registered agent for service of process on file with the Maryland Secretary of State is Andrew T. Stephenson, Franklin & Prokopik, PC, 2 N. Charles Street, Suite 600, Baltimore, Maryland 21201. As of the filing of this Complaint, MTS does not have a registered agent for service of process on file with the Arkansas Secretary of State.

5. At all times relevant herein, Russell Larry Couch was an agent, servant, employee, and/or statutory employee of MTS.

6. At all times relevant herein, Russell Larry Couch was acting during and within the course and scope of his agency, employment, joint employment, statutory employment, and/or under the joint and/or direct control of MTS.

7. As a result of the legal relationship between Russell Larry Couch and MTS, all actions of Russell Larry Couch alleged herein are imputed to MTS through the doctrine of *respondeat superior*.

8. This Court has jurisdiction over the parties and the subject matter of this action and venue is proper herein.

9. On or about April 21, 2016, Plaintiff was a passenger in the front passenger seat of a 2007 Chrysler Aspen being operated by Kadetra Green. Mrs. Green was driving her vehicle east on Interstate 40 in lane number three (3) when she had to brake and slow her vehicle for congested traffic ahead. At the same time, Separate Defendant Russell Larry Couch was also traveling eastbound behind Mrs. Green and Plaintiff on Interstate 40 in a 2015 Freightliner which he was operating for his employer, Separate Defendant MTS. As Mr. Couch approached the congested traffic, he failed to properly slow or stop his 18-wheeler and struck the rear Mrs. Green's vehicle, causing it to overturn at least once and then come to a final rest in the middle of lane number four (4) of eastbound traffic.

10. At all times relevant herein, Kadetra Green was operating her vehicle in a safe and lawful manner.

11. At all times relevant herein, Kadetra Green maintained control and operation of her vehicle and had the sole right and ability to operate said vehicle, determine the route taken, and control all movements of said vehicle. Plaintiff had no actual or constructive control over Mrs. Green's vehicle and neither had the right to, nor did she, direct the operation of the vehicle, the route taken by the vehicle, or any stops or detours made along the way to the vehicle's destination.

12. The above-described motor vehicle collision was proximately caused by the negligence of Separate Defendant Russell Larry Couch, including, but not limited to the following:

    a. Failure to keep a proper look out;

    b. Failure to maintain a safe driving speed;

    c. Failure to maintain a safe distance behind forward vehicles;

    d. Failure to maintain control of his vehicle;

    e. Engaging in inattentive and careless driving;

    f. Violating recognized driver safety rules and rules of the road;

    g. Leaving his lane in a manner which was a violation of the laws of the State of Arkansas and in complete disregard for the safety of the traveling public including the Plaintiff in this matter;

    h. Failing to obey or comply with certain Federal Motor Carrier Safety Administration rules and regulations;

    i. Failing to obey the traffic laws of the State of Arkansas; and

   j. In such other and further particulars as the facts developed during the course of discovery and/or at trial may demonstrate.

13. The above-described motor vehicle collision was further proximately caused by the negligence of Separate Defendant MTS, including, but not limited to the following:

   a. Failure to properly train its employees with regard to the proper use and operation of its vehicles;

   b. Allowing untrained and/or improperly trained employees, including Russell Larry Couch, to operate inherently dangerous tractor-trailers on the roads and highways of the United States and the State of Arkansas;

   c. Failure to properly supervise its employees, including Russell Larry Couch, with regard to the proper use and operation of its vehicles;

   d. Failure to develop, implement, and/or maintain a safety program with policies and procedures regarding the proper use and operation of its vehicles designed to prevent harm to the motoring public;

   e. Failure to monitor in any way the manner in which its employees, including Russell Larry Couch, use and operate its vehicles;

   f. Failure to screen, conduct background checks, or otherwise inquire into the ability of its employees, including Russell Larry Couch, to safely operate its vehicles;

   g. Failure to properly enforce its policies and procedures regarding the screening and hiring of applicants to ensure that its employees are able to safely operate its vehicles;

    h.    Failure to properly enforce its policies and procedures regarding the safe use and operation of its vehicles in an effort to prevent harm to the motoring public;

    i.    Intentionally disregarding notice of Russell Larry Couch's hours-of-service violations and/or multiple inaccurate or false logbook entries prior to and leading up to the subject collision;

    j.    Intentionally disregarding notice and video proof of Russell Larry Couch's prior reckless behavior in operating its vehicles, and failure to take any disciplinary or corrective action to prevent the same or similar conduct from occurring in the future;

    k.    Failing to investigate, review, or audit in any way Russell Larry Couch's logbooks (electronic or paper), weigh tickets, and other information relevant to Russell Larry Couch's safe operation of its vehicle(s) in compliance with Federal Motor Carrier Safety Administration rules and regulations;

    l.    Failing to properly perform post-incident alcohol and drug testing on Russell Larry Couch following the subject collision;

    m.    Failure to comply with the rules and regulations promulgated by the United States Department of Transportation and/or the Federal Motor Carrier Safety Administration, which govern MTS's conduct as a licensed and authorized interstate motor carrier; and

    n.    In such other and further particulars as the facts developed during the course of discovery and/or at trial may demonstrate.

14. As a direct and proximate result of the above-described negligent acts of Russell Larry Couch, which are properly imputed to MTS, as well as the above-described negligent acts of MTS individually, Plaintiff suffered damages, including, but not limited to the following:

    a. Medical bills in the past, present, and reasonably certain to occur in the future;

    b. Pain and suffering in the past, present, and reasonably certain to occur in the future;

    c. Mental anguish in the past, present, and reasonably certain to occur in the future;

    d. Aggravation of pre-existing injury(ies); and

    e. Permanent injury,

for all of which she is entitled to judgment against the Defendants, and each of them, jointly and severally, in an amount in excess of that required for federal jurisdiction in diversity of citizenship cases.

15. MTS's acts and/or omissions as described herein establish that MTS knew or should have known that, in light of the surrounding circumstances, its conduct would naturally and probably result in injury to Plaintiff or others using the roads and highways of the United States and the State of Arkansas. In spite of this knowledge, MTS continued its conduct, and allowed Russell Larry Couch to continue his conduct, in reckless disregard of the consequences, from which malice may be inferred. As a proximate result of MTS's acts and/or omissions, Plaintiff suffered serious injuries. Therefore, Plaintiff is entitled to punitive damages in an amount to be determined by a properly empaneled jury.

16. PLAINTIFFS DEMAND A TRIAL BY JURY.

WHEREFORE, the Plaintiff, Edith Moland, prays that the Defendants, Russell Larry Couch and MTS Express, LLC, appear and be ordered to answer this Complaint at Law; further, Plaintiff prays for judgment against the Defendants, jointly and severally, for damages alleged herein in an amount in excess of that required for federal jurisdiction in diversity of citizenship cases; further, Plaintiff prays for punitive damages from Separate Defendant MTS Express, LLC in an amount designed to punish and deter similar conduct; finally, Plaintiff prays for her costs, attorney fees, interest, and any and all other relief to which this Court, in its discretion, may find her to be entitled.

Respectfully Submitted,

EDITH MOLAND, PLAINTIFF

By: _____
Alan L. Lane, Ark. Bar No. 03131
Bryant E. Crooks, Ark. Bar No. 13169
ODOM LAW FIRM, P.A.
161 W. Van Asche Loop, Suite 1
Fayetteville, AR 72703
(479) 442-7575
(479) 442-9008 *fax*
alane@odomfirm.com
bcrooks@odomfirm.com

*ATTORNEYS FOR PLAINTIFF*